**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 9 2015

JAMES W McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| **JAMES RILEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) 4:15 cv 688-SWW |
| **MERIDIAN FINANCIAL** | ) This case assigned to District Judge Wright |
| **SERVICES, INC.,** | ) and to Magistrate Judge Kearney |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, JAMES RILEY, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, MERIDIAN FINANCIAL SERVICES, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4.      JAMES RILEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ward, County of Lonoke, State of Arkansas.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to French Quarter Condo II HOA (hereinafter, "the Debt").

6.     The debt that Plaintiff allegedly owed French Quarter Condo II HOA pertained to a timeshare property, which was for the personal use of Plaintiff, and pertained to household expenditure.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     MERIDIAN FINANCIAL SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas.  Defendant's principal place of business is located in the State of North Carolina.  Defendant is incorporated in the State of North Carolina.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14.     In 2007, Plaintiff filed a Chapter 7 Bankruptcy Petition in the U.S. Bankruptcy Court for the Eastern District of Arkansas, under general case number 4:07-bk-11948.

15.     Plaintiff included in his bankruptcy petition the timeshare for the property that is the subject of the Debt.

16.     On January 18, 2008, Plaintiff received a Discharge of Debtor order from the bankruptcy court.

17.     The Debt is unsecured.

18.     At or around the time of filing his bankruptcy petition and receiving the order of discharge, Plaintiff relinquished his rights to the timeshare property.

19.     Plaintiff is not responsible for payment of the Debt.

20.     The Debt was effectively discharged by the bankruptcy court.

21.     Notwithstanding the fact that the Debt was discharged, Defendant has made myriad attempts to collect the Debt from Plaintiff.

22.     On multiple occasions, Plaintiff has specifically apprised Defendant of the fact that he filed for bankruptcy, that his debts pertaining to the property were discharged, and that the putative debt that Defendant was attempting to collect from him was also discharged.

23.     Notwithstanding Plaintiff's efforts, Defendant has continued with its attempts to collect the Debt from Plaintiff.

24.     On or about August 13, 2015 Defendant sent correspondence to Plaintiff dated August 13, 2015.

25.     In the aforesaid correspondence Defendant sent to Plaintiff, dated August 13, 2015, Defendant stated there remained a balance outstanding on the Debt in the amount of $1980.00

26.     Defendant's representations, in its correspondence to Plaintiff dated August 13, 2015, as delineated above, were false, deceptive and misleading given that the Debt had been discharged as part of Plaintiff's Chapter 7 bankruptcy petition.

27.     Defendant's representations, in its correspondence to Plaintiff dated August 13, 2015, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that the Debt had been discharged as part of Plaintiff's Chapter 7 bankruptcy petition.

28.     Plaintiff's bankruptcy discharge was entered on January 8, 2008; therefore, the date of first delinquency on the Debt was sometime prior to January 8, 2008 .

29.     Defendant has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA).   15 U.S.C. §1681 *et seq.*

30.     Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

31.     Pursuant to 15 U.S.C. §1681s-2(a)(5), Defendant is under a statutory duty to report to the credit reporting agencies the true and accurate date of first delinquency as to the Debt so that the credit reporting agencies to which the debt is reported can comply with 15 U.S.C. § 1681c(a)(4).

32.     When Defendant reported the Debt to the credit reporting agencies, it misrepresented the date of Plaintiff's first delinquency relative to the Debt as being, upon

information and belief, May 29, 2015, effectively "re-aging" the Debt and resulting in the Debt appearing on Plaintiff's credit report beyond the seven (7) obsolescence time frame.

33.     Presently, Defendant is reporting the Debt to the credit reporting agencies.

34.     In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C.

§1692, in one or more of the following ways:

> a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
>
> b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);
>
> c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);
>
> d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

36.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMES RILEY, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

> a.     All actual compensatory damages suffered;
>
> b.     Statutory damages of $1,000.00;
>
> c.     Plaintiff's attorneys' fees and costs;
>
> d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JAMES RILEY**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: November 2, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com